**Leonard R. KAHN, Plaintiff–Appellant,**

v.

**NEW YORK UNIVERSITY MEDICAL CENTER, Thomas J. Tisch, John and Jane Doe 1–10, NYU Hospitals Center, Defendants–Appellees.**

No. 08–0502–cv.

United States Court of Appeals, Second Circuit.

July 21, 2009.

Leonard R. Kahn, pro se.

Edward J. Guardaro, Bartlett, McDonough, Bastone & Managhan, LLP, White Plains, NY, for Appellees.

PRESENT: GUIDO CALABRESI, PETER W. HALL, Circuit Judges, WILLIAM K. SESSIONS III,[1] District Judge.

## *SUMMARY ORDER*

Plaintiff–Appellant Leonard R. Kahn, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Preska, *J.*), dismissing Appellant's Americans with Disabilities Act (ADA) and Fifth Amendment claims and denying his post-judgment motion for reconsideration. We assume the parties' familiarity with the facts and procedural history.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). We also review *de novo* the district court's legal conclusions regarding subject-matter jurisdiction and dismissal pursuant to Rule 12(b)(1). *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). We review for abuse of discretion an appeal from the denial of a motion for reconsideration. *Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir.2004).

Appellant's Fifth Amendment claim was properly analyzed in the context of 42 U.S.C. § 1983. Appellant asserted his claim against purely private actors and institutions, who were not proper section 1983 defendants because they did not act under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Moreover, there was no indication that

there was a "close nexus" between Appellees' alleged conduct and state action or that the Appellees' actions were based on the authority or power of the state. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001); *Cranley v. Nat'l Life Ins. Co. of Vt.,* 318 F.3d 105, 111 (2d Cir.2003); *see also Blum v. Yaretsky,* 457 U.S. 991, 1006–12, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (finding that a private institution's actions are not attributable to the state or federal government solely because the facility may receive federal funds such as Medicaid). Accordingly, Appellant's Fifth Amendment claim against purely private actors was correctly dismissed.

Appellant's ADA claim fell within the ambit of Title III of the ADA, which prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person...." 42 U.S.C. § 12182(a). Appellant could not seek money damages for his ADA claim, however, because Title III authorizes only a suit for injunctive relief. *See* 42 U.S.C. § 12188(a); 42 U.S.C. § 2000a–3(a); *Powell v. Nat'l Bd. Of Med. Exam'rs,* 364 F.3d 79, 86 (2d Cir.2004). Nor did Appellant's complaint support a grant of injunctive relief because all of his assertions were too attenuated to support such relief. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Rizzo v. Goode,* 423 U.S. 362, 373, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Finally, since Appellant essentially was attempting to re-litigate the claims previously dismissed, the district court correctly denied his motion for reconsideration. *See*

---

1. The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

The judgment of the district court is therefore AFFIRMED.